FILED

MAY 7 2013

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal No. 2:13 Cr 19 |
| BRIAN COBB, | Violation:   42 U.S.C. § 6928(d)(5) |
| | 18 U.S.C. § 1001(a)(1) |
| Defendant. | 18 U.S.C. § 1001(a)(2) |

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

(Transportation of Hazardous Waste without a Manifest)

From on or about August 20, 2008 to on or about August 21, 2008, at or near Judy Gap, Pendleton County, West Virginia, within the Northern District of West Virginia and elsewhere, defendant, BRIAN COBB, did knowingly transport without a manifest, and cause to be transported without a manifest, any hazardous waste required by regulations promulgated under this subchapter (and by a State in the case of a State program authorized under this subchapter) to be accompanied by a manifest,

IN VIOLATION OF TITLE 42, UNITED STATES CODE SECTION 6928(d)(5).

## COUNT TWO

(Concealment of a Material Fact)

From on or about September 5, 2008 to on or about September 22, 2008, at or near Wheeling, Ohio County, West Virginia, within the Northern District of West Virginia and elsewhere, defendant, BRIAN COBB, in a matter within the jurisdiction of the executive branch of the Government of the United States, did knowingly, and by any trick, scheme, and device, falsify, conceal, and cover up any material fact, which is to say that, in connection with efforts by the West Virginia Department of Environmental Protection to determine whether or not the soil removed from the Judy Gap site constituted hazardous waste and had been disposed of properly, he did conceal and cover up the fact that soil removed from the Judy Gap site had tested positive for a high concentration of lead, and would therefore be considered hazardous waste,

IN VIOLATION OF TITLE 18, UNITED STATES CODE SECTION 1001(a)(1).

## COUNT THREE

(Concealment of a Material Fact)

On or about September 22, 2008, at or near Wheeling, Ohio County, West Virginia, within the Northern District of West Virginia and elsewhere, defendant, BRIAN COBB, in a matter within the jurisdiction of the executive branch of the Government of the United States, did knowingly make any materially false, fictitious, and fraudulent statement and representation, which is to say that, during a phone conversation with a West Virginia Department of Environmental Protection Inspector, he did state and represent that the soil removed from the Judy Gap site had been transported to Clean Earth's Maryland facility without a hazardous waste manifest because no analysis had been received by the time of transportation, when, in fact, he was aware that the soil had previously tested positive for a high concentration of lead, and would therefore be considered hazardous waste,

IN VIOLATION OF TITLE 18, UNITED STATES CODE SECTION 1001(a)(2).

## COUNT FOUR

(False Statement to Law Enforcement)

On or about September 6, 2011, within the Northern District of West Virginia and elsewhere, defendant, BRIAN COBB, in a matter within the jurisdiction of the executive branch of the Government of the United States, did knowingly make materially false, fictitious, and fraudulent statements and representations, any one of which would be sufficient to constitute a violation of this count, that is to say that, 1) during an investigative interview conducted in Painesville, Ohio, by the E.P.A. Case Agent, he did state and represent that, at the time he was traveling to the Judy Gap site from Ohio, his understanding was that the soil removed from the Judy Gap site was "clean" (i.e., had not tested positive for a concentration of lead), when, in fact, he was aware of the results of an analysis indicating that the soil had tested positive for a high concentration of lead, and would therefore be considered hazardous; and 2) during that same interview, he did also state and represent that the soil removed from the Judy Gap site had been transported to Clean Earth's Maryland facility as hazardous waste with a hazardous waste manifest and that the Case Agent did not have a copy of the correct manifest, when, in fact, he was aware that said soil had been transported as non-hazardous waste with a non-hazardous waste manifest and that there was no other manifest,

IN VIOLATION OF TITLE 18, UNITED STATES CODE SECTION 1001(a)(2).

A True Bill,

_____
WILLIAM J. IHLENFELD, II
United States Attorney